# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| BRENDA GLASS,<br><br>        Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | Case No. **1:20-cv-00283**<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227<br>2. Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.<br>3. Invasion of Privacy- Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brenda Glass ("Brenda"), by and through her attorneys, alleges the following against Defendant Portfolio Recovery Associates, LLC ("PRA"):

## INTRODUCTION

1. Count I of Brenda's Complaint against PRA is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, and restricts the use of automatic dialers or prerecorded messages.

2. Count II of Brenda's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. The FDCPA prohibits abusive and harassing conduct from debt collectors when attempting to collect on consumer debt.

3. Count III of Brenda's Complaint against PRA is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of

Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. §227, 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this District.

6. PRA aimed its conduct at, the effects of its conduct were suffered in, and PRA transacts business in this District; therefore, personal jurisdiction is established.

## PARTIES

7. Brenda is a natural person residing in McMinn County, Tennessee.

8. Brenda is a "consumer" as defined under 15 U.S.C. §1692a(3).

9. PRA is a Delaware entity registered to conduct business in Tennessee, and can be served at its registered agent c/o Corporation Service Company located at 2908 Poston Ave, Nashville, TN 37203-1312.

10. PRA is a "debt collector" as defined under 15 U.S.C. §1692a(6).

11. PRA acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Beginning in or around April 2019, PRA began attempting to collect a debt

allegedly owed by Brenda by calling her on her cellular phone.

13. The debt is a "debt" as defined under 15 U.S.C. §1692a(5) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

14. On or about April 8, 2019, at approximately 11:56 a.m., Brenda answered a call from PRA and spoke with a representative.

15. After picking up the call, Brenda noticed an unusually long delay and recalls hearing a series of clicks, beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

16. The representative informed Brenda that PRA was attempting to collect an alleged debt. After going through the identification process, Brenda explained that she was in her upper sixties, had lost her husband, was living on a fixed income, and had recently undergone a hip surgery. Brenda further explained that, as a result of her physical and financial hardship, she could not make a payment at that time.

17. Brenda then told PRA not to call her, thereby revoking consent to be called on her cellular telephone.

18. On April 23, 2019, Brenda mailed to PRA a written demand that the debt be verified. In her demand letter, Brenda explicitly stated, "you must cease all collection activities including calls" and "[d]o not call me for any reason," again revoking consent to be called on her cellular telephone.

19. On June 13 and again on July 3, 2019, Brenda sent another two letters stating

that PRA's response was insufficient and restating her demand that the debt be validated, thereby reinstating her request that PRA do not call her.

20. Despite Brenda's instruction that PRA not call her, and three letters requesting that PRA validate the debt, and despite having actual knowledge that Brenda was elderly, struggling financially, and in failing health, PRA began a harassment campaign by calling Brenda on her cellular telephone relentlessly for ten months, including on the weekends.

21. The calls originated from (240) 133-1228; (423) 352-1028; (801) 406-9127; (423) 528-3017; (806) 310-9244; (202) 969-0519; (865) 622-8965; (650) 686-3010; (423) 352-1105; (409) 210-2363; (865) 590-3058; (630) 256-8591; (312) 386-7439; (615) 499-5114; (505) 240-8140; (727) 705-2887; (423) 381-6070; (865) 269-2120; (757) 529-3286; (575) 252-8908; (513) 214-3284; (502) 908-2040; (865) 249-0848; (865) 339-3035; (423) 600-6037; (951) 356-7858; (484) 255-3587; (828) 519-5014; (423) 451-8816; (337) 283-3034; (865) 601-0254; (865) 270-0901; (423) 424-1543; (419) 491-3513; (828) 388-5438; (904) 209-4966; (915) 243-5646; (608) 423-6079; (478) 377-8054; (985) 377-1124; (423) 662-3385; (965) 294-0491; (615) 323-5952; (615) 800-7992; (539) 232-8087; (425) 201-1416; (717) 638-6036; (718) 306-6881; (228) 233-3255; (952) 679-2182; (423) 352-1075; (978) 213-3852; (938) 222-0309; (423) 391-4624; (831) 508-1516; (423) 418-8370; (915) 519-3978; (715) 201-4578; (334) 342-3012; (828) 434-9015; (623) 748-0740; (681) 206-2050; (615) 800-3464; (307) 204-4277; (304) 409-3060; (918) 387-7277; (605) 760-8022; (423) 445-1528. These phone numbers are owned or operated by PRA.

22. Between August 29, 2019 and May 23, 2020, PRA called Brenda on her

cellular telephone no less than **ONE HUNDRED AND THIRTEEN (113)** times, after Brenda had revoked consent to be called and demanded that PRA validate the debt. At least 40 of those calls occurred after March 13, 2020, when the Covid emergency was declared.

23. During the months of December 2019 and January 2020, PRA called Brenda almost every day, including weekends.

24. PRA is familiar with the TCPA and the FDCPA.

25. PRA called Brenda at all times during the day.

26. PRA called Brenda multiple times a day, up to four times in a single day.

27. PRA utilized no less than 67 different phone numbers in an attempt to confuse, annoy, oppress, abuse and frustrate Brenda.

28. Upon information and belief, PRA also called and texted or attempted to call and text friends and family of Brenda with the intention that they would communicate to Brenda that PRA was attempting to collect a debt from her, causing Brenda additional embarrassment and distress.

29. Upon information and belief, PRA called Brenda and delivered prerecorded or artificial voice messages.

30. Upon information and belief, PRA's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

31. PRA's conduct was not only willful but was done with the intention of causing Brenda such distress, so as to induce her to pay the debt or pay more than she was able to pay.

32. PRA's conduct could reasonably be expected to threaten or harass Brenda.

33. PRA's intrusion upon Brenda's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts.

34. Each and every one of PRA's telephone calls caused Brenda distraction and temporary loss of use of her telephone line.

35. As a result of PRA's conduct, Brenda has sustained actual damages including but not limited to, stress, anxiety, embarrassment, frustration, emotional and mental pain, anguish, headaches and sleeplessness.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

36. Brenda incorporates by reference the foregoing paragraphs as fully stated herein.

37. PRA violated the TCPA. PRA's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, PRAs violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions,

PRAs violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . ."

c. Within four years prior to the filing of this action, on multiple occasions, PRA willfully and/or knowingly contacted Brenda at Brenda's telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, PRA knowing and/or willfully violated the TCPA.

38. As a result of PRAs' violations of 47 U.S.C. §227, Brenda is entitled to declaratory judgment that PRA's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that PRA knowingly and/or willfully violated the TCPA, Brenda is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq*.

39. Brenda incorporates by reference the foregoing paragraphs as fully stated herein.

40. PRA violated the FDCPA. PRA's violations include, but are not limited to the following:

a. Communicating with Brenda at an unusual time, place, or manner known to

be inconvenient to the consumer. §1692c(a)(1).

b. Communicating, in connection with the collection of Brenda's debt, with any person other than the consumer. §1692c(b).

c. Continuing to communicate with Brenda, in connection with the collection of her debt, after Brenda notified PRA in writing that she wished PRA stopped calling her. §1692c(c).

d. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. §1692d.

e. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

f. Using false, deceptive, or misleading means in connection with the collection of any debt, including using no less than 67 different phone numbers to call Brenda. §1692e.

g. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

41. The FDCPA provides a consumer with a private right of action against a debt collector for both actual and statutory damages and allows the consumer to recover her reasonable attorneys' fees and costs. §1692k(a).

## COUNT III

### Violation of Invasion of Privacy- Intrusion Upon Seclusion

42. Brenda incorporates by reference the foregoing paragraphs as fully stated

herein.

43. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. PRA violated Brenda's privacy. PRA's violations include, but are not limited to, the following:

   a. PRA intentionally intruded, physically or otherwise, upon Brenda's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite several requests over the phone and in writing for the calls to cease.

   b. The number and frequency of the telephone calls to Brenda by PRA after requests for the calls to cease constitute an intrusion on Brenda's privacy and solitude.

   c. PRA's conduct would be highly offensive to a reasonable person as Brenda received calls that often interrupted Brenda's work and personal time.

   d. The frequency, timing and volume and other circumstances of PRA's calls were harassing to Brenda.

   e. PRA's acts, as described above, were done intentionally with the purpose of coercing Brenda to pay the alleged debt.

45. As a result of PRA's violations of Brenda's privacy, PRA is liable to Brenda for actual damages. If the Court finds that the conduct is found to be egregious, Brenda

may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Brenda Glass respectfully requests judgment be entered against Defendant Portfolio Recovery Associates, LLC for the following:

A. Declaratory judgment that PRA violated the TCPA and the FDCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual, statutory and punitive damages pursuant to 15 U.S.C. §1692k(a)(1), (2)(A);

E. Actual damages for PRA's intrusion upon Brenda's seclusion;

F. Punitive damages for PRA's intrusion upon Brenda's seclusion;

G. Attorneys' fees and court costs pursuant to 15 U.S.C. §1692k(a)(3);

H. Awarding Brenda any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Brenda hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 29th day of September 2020.

**<u>s/Christopher Kim Thompson</u>**
TN Bar No. 015895
Thompson Law
4800 Charlotte Avenue
Nashville, Tennessee 37209
Telephone No. 615-832-2335
E-mail: kim@thompsonslawoffice.com
*Counsel for Plaintiff Brenda Glass*
